In the Matter of William Edward
THOMPSON, Respondent.

Nos. 84–1550, 85–372.

District of Columbia Court of Appeals.
Submitted April 30, 1985.
Decided May 20, 1985.

William Edward Thompson, pro se.

Thomas H. Henderson, Jr., Bar Counsel, Washington, D.C., and Michael S. Frisch, Asst. Bar Counsel, Washington, D.C., were on brief, for Bar Counsel.

Before NEBEKER, NEWMAN and ROGERS, Associate Judges.

NEWMAN, Associate Judge:

The Board on Professional Responsibility has recommended that William Edward Thompson, a member of the bar of this court, be suspended for 90 days and comply with certain conditions before reinstatement, based on their findings that Thompson committed violations of various disciplinary rules. Thompson challenges the findings and recommendations. We sustain the findings of the Board with respect to the violations and remand the record to them with respect to sanctions.

These two cases were consolidated by our order. No. 84–1550 consists of two cases—Bar Docket Nos. (B.D. No.) 487–82 and 503–82. No. 85–372 also consists of two docketed cases—B.D. No. 1310–83 and 163–83.[1]

In B.D. No. 487–82, the Board found that Thompson had violated D.R. 1–102(A)(5) by engaging in conduct prejudicial to the administration of justice, and D.R. 6–101(A)(3) by neglecting a legal matter entrusted to him. The stipulated evidence clearly and convincingly established that Thompson failed to appear for trial in *United States v. Hemphill,* Cr. No. M 13990–82, before Judge Wertheim of the Superior Court of the District of Columbia (Superior Court) on February 3, 1983. A new trial date was set for March 25, 1983. Although his client was present on March 25, Thompson again failed to appear as scheduled. Hemphill entered a plea of guilty and sentencing was set for May 5, 1983. Thompson again failed to appear timely. Judge Wertheim adjudicated Thompson in contempt and fined him $150.00.

In B.D. No. 503–82, the Board found that Thompson had violated the same disciplinary rules as those in B.D. No. 487–82, *supra.* Based on stipulated facts, the Board found that Thompson was counsel for the defendant in *District of Columbia*

---

1. The Board agreed with the Hearing Committee that Bar Counsel had not proven the allegations in B.D. No. 163–83. Bar Counsel does not challenge this ruling.

v. *Clarence Holbrook, Jr.,* in Cr. No. F 4834–82. A show cause hearing on probation revocation was scheduled before Judge Frank Schwelb in Superior Court on April 19, 1983. Although his client was present, Thompson failed to appear timely. Judge Schwelb adjudicated Thompson in contempt and fined him $200.00.

In B.D. No. 131–83, the Board found that Thompson had violated D.R. 7–104(A)(1) by having three unauthorized communications with another attorney's client. Thompson was counsel for Walker in a criminal case. Brent, a codefendant, was represented by Kim Taylor. The first communication occurred after Thompson began to suspect that Brent, purportedly a friend of Walker's, planned to negotiate a plea of guilty in return for his testimony against Walker. Thompson told Brent how he had forcefully cross-examined a codefendant in a prior case who had pled and testified against Thompson's client. Brent construed the remarks as a warning of a similar fate to befall him if he did likewise. In the second communication, Thompson asked Brent whether Brent's lawyer was going to permit Brent to testify on behalf of Walker. He did so in spite of Kim Taylor's refusal to answer the same question when Thompson asked her. The third communication occurred after Brent pled guilty; Thompson approached Brent and attempted to question him.

In No. 84–1550 (the two neglect cases), the Board recommended that Thompson be suspended for 90 days. In No. 85–372 (the unauthorized communications case), the Board recommended a 90-day suspension and that Thompson be required to complete a course in professional responsibility at an ABA-accredited law school prior to reinstatement. Citing to *In re Rosen,* 481 A.2d 451 (D.C.1984), the Board recommended that the 90-day suspensions be concurrent.

■ We find no merit to Thompson's contention that the evidence is insufficient to sustain the finding that he violated D.R.

7–104(A)(1) by engaging in unauthorized communications with Brent. The evidence is undisputed that Brent was represented by counsel and that Brent and his attorney viewed Brent's interest as being in conflict with that of Walker, Thompson's client. Brent and his attorney sought to conceal from Thompson and Walker the fact that Brent intended to testify as a government witness against Walker. Brent's attorney had refused to discuss the matter with Thompson. The evidence makes abundantly clear that Thompson then began trying to elicit directly from Brent the answer to the question to which Brent's lawyer would not respond—was Brent going to be a government witness against Walker. This conduct violates D.R. 7–104(A)(1). *See In re Mahoney,* 437 N.E.2d 49 (Ind.1982). *See generally, United States v. Hurt,* 177 U.S. App.D.C. 15, 19, 543 F.2d 162, 168 (1976); *Brown v. State,* 10 Md.App. 215, 269 A.2d 96, 101 (1970).[2]

In summary, we hold that the Board properly found that Thompson violated D.R. 1–102(A)(5), D.R. 6–101(A)(3), and D.R. 7–104(A)(1).

■ Relying on *In re Rosen, supra,* the Board recommends that the two 90-day suspensions be concurrent. It appears that the Board may have read our decision in that case as establishing a general principle or a rule of law that suspensions in a second case should run concurrently with previous suspension where the second case arose during the same period of time as the first. Such a reading would be erroneous. The appropriate question which the Board must ask and answer when different cases are at different steps of the disciplinary process, as is the situation here (and as in *Rosen, supra,* and *In re Stanton,* 470 A.2d 281 (D.C.1983)), is simply this: If all of the matters were before the Board simultaneously, what would we recommend as the appropriate discipline? Since we cannot be sure here that the Board has in fact asked

---

2. As previously stated, Thompson does not challenge the findings of fact in No. 84–1550. We

are satisfied that the facts as found constitute violation of the cited disciplinary rules.

and answered this question, we remand the record to them so that they may do so with clarity.[3]

*So Ordered.*

---

3. We note that we have questions as to details with the Board's recommendation that Thompson complete a course in professional responsibility at an ABA accredited law school. First, are there such schools in the District of Columbia which will permit enrollment for this purpose? Second, what is meant by "complete," *e.g.*, met the school's attendance and examination requirements. The Board should address these types of questions on remand.