**In the Matter of William Edward THOMPSON, Respondent.**

**Nos. 84–1550, 85–372.**

District of Columbia Court of Appeals.

Sept. 27, 1985.

William Edward Thompson, Washington, D.C., pro se.

Thomas H. Henderson, Jr., Bar Counsel, and Michael S. Frisch, Assistant Bar Counsel, Washington, D.C., were on the brief, for Bar Counsel.

Before NEBEKER, NEWMAN and ROGERS, Associate Judges.

NEWMAN, Associate Judge:

This case has been here before. *In re Thompson*, 492 A.2d 866 (D.C.1985). As indicated in that opinion, the Board on Professional Responsibility (Board) found that Thompson had violated various disciplinary rules; the Board recommended two suspensions of 90 days to be served concurrently. The Board also recommended that Thompson be compelled to complete a course in professional responsibility at an ABA accredited law school. Our prior opinion sustained the Board's findings of disciplinary violations. Because of two concerns we had with respect to the recommended sanctions, we remanded the record to the Board for further consideration.

■ Our first concern was with the Board's recommendation that the two suspensions be served concurrently. Since the basis of this recommendation was unclear to us, we directed the Board to inform us as to their recommended sanction considering the entire matter as a whole. The Board has done so. By its Report and Recommendation filed July 31, 1985 (Report), the Board recommends a suspension totalling 90 days. We approve this recommendation.

■ Our second concern was with the Board's recommendation that Thompson be required to complete a course on profes-

sional responsibility at an ABA accredited law school. We asked the Board: (1) to define what they meant by "complete" such a course; and (2) to determine whether there are such schools in the District of Columbia which would permit an attorney to enroll in such a course for this purpose. While D.C.App.R. XI (3) makes provision for our requiring "an attorney to take and pass a professional responsibility examination," our consideration of the matter in this case demonstrates the need for development of a more structured process to accomplish this objective. To develop such a structured process will require the joint efforts of this court, the Board, and the Bar; these efforts are presently underway.

They likely will take some time to reach completion. We think it inappropriate to impose this type of requirement until such a structured process is available. Thus, we disapprove this recommendation in this case.[*]

Respondent is suspended from the practice of law for a period of 90 days, effective 30 days from the date of this decision.

*So Ordered.*

---

[*] Thompson has requested oral argument. Given our prior opinion and our disposition of the issues which we previously remanded, we deny this request.