**In re Kenneth L. COLLINS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1981.**

District of Columbia Court of Appeals.

Decided Feb. 11, 1999.

Before SCHWELB and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

On August 24, 1994, the Supreme Court of the State of California suspended respondent, Kenneth L. Collins, from the practice of law for one year, stayed execution of the suspension, and placed respondent on two years of probation subject to several conditions, including sixty days of actual suspension. The suspension was based on a stipulation by respondent of: three willful violations of California disciplinary rule 3–110(A) (intentionally, recklessly, or repeatedly failing to perform legal services with competence); two willful violations of California disciplinary rule 4–100(B)(1) (failing to promptly notify clients of the receipt of settlement funds); four willful violations of California disciplinary rule 4–100(A) (commingling funds, failing to maintain sufficient funds in his client trust account, and failing to review and reconcile client trust account records); and one violation of California Business and Professions Code § 6068(j) (failing to promptly inform the State Bar of his change of address). Most of these violations resulted from respondent's failure to adequately supervise his office staff.

The California court considered several mitigating factors, including the fact that re-

spondent had no prior disciplinary history in his twenty-two years of practice, that some of respondent's misconduct occurred shortly after he had suffered a heart attack and had surgery that rendered him physically weak, and that respondent promptly attempted to mitigate the harm his misconduct caused his clients. The court also weighed respondent's prompt and frank cooperation with the disciplinary investigation, and the fact that respondent employed counsel to devise a system by which respondent could better manage his practice.

After respondent failed to timely file quarterly reports of his progress and to complete several continuing legal education courses, both conditions of his probation, the California court revoked respondent's probation, lifted the stay of his suspension, suspended respondent for thirty days, stayed the remainder of the unserved original suspension, and placed respondent on one year's probation subject to the same conditions. Respondent has now satisfied those conditions.

Respondent did not report his California suspension to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of respondent's discipline, Bar Counsel filed with this court certified copies of the two California disciplinary orders. This court temporarily suspended respondent on January 7, 1998, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board has recommended reciprocal discipline of suspension for one year, with all but ninety days stayed, followed by one year of unsupervised probation. The Board further recommends that this suspension be imposed *nunc pro tunc* to January 7, 1998, the date of respondent's interim suspension. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation.

██ There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834

(D.C.1992). The Board urges us to construe respondent's original sixty-day suspension and his thirty-day suspension for violating probation as the equivalent of a ninety-day suspension. We find this to be a reasonable interpretation of identical discipline.

■ The presumption that identical discipline will be imposed is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f). Respondent's failure in this case to file any exception to the Board's report and recommendation is treated as a concession that reciprocal discipline is warranted. *In re Goldsborough*, 654 A.2d 1285 (D.C.1995). Additionally, the record does not give us any cause to find imposition of identical discipline inappropriate. Respondent's misconduct constitutes violations of Rules 1.3, 1.15, and 5.3 of the District of Columbia Rules of Professional Conduct, and a ninety-day suspension is "within the range of sanctions that would be imposed" in this jurisdiction for respondent's misconduct. *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990). *See, e.g., In re Mizel*, 703 A.2d 1249 (D.C. 1997) (reciprocal ninety-day suspension and two years of probation imposed for failure to provide competent representation, failure to act diligently, failure to communicate with client, conflict of interest, failure to terminate representation when disabled, and misrepresentation); *In re Hessler*, 549 A.2d 700 (D.C. 1988) (neglectful commingling and misappropriation warranted six-month suspension); *In re Thompson*, 498 A.2d 250 (ninety-day suspension imposed for two findings of neglect based on failure to appear in court), *after remand in* 492 A.2d 866 (D.C.1985). *Cf. In re Lyles*, 680 A.2d 408 (D.C.1996) (six-month suspension with fitness requirement for serious neglect of several cases). Accordingly, it is

 ORDERED that Kenneth L. Collins be suspended from the practice of law in the District of Columbia for the period of one year, with all but ninety days stayed, and be placed on unsupervised probation during the one-year period.[1] This suspension is ordered *nunc pro tunc* to January 7, 1998, the date of respondent's interim suspension.[2]

*So ordered.*

1. We note that the suspension we order differs slightly from the Board's recommendation, in that the probationary period runs concurrent with, not subsequent to, the period of actual suspension. We find this sanction to more closely follow the discipline imposed by the California court.

2. The Rule XI, § 14(g) affidavit respondent filed in this court does not substantially comply with that Rule. However, the Board has attached an affidavit respondent filed with the Board pursuant to *In re Goldberg*, 460 A.2d 982 (D.C.1983), which contains the pertinent information that the § 14(g) affidavit lacks. We find that the two affidavits together satisfy the requirements of Rule XI, § 14(g).