**In re Claudette M. WINSTEAD, II, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 447368).**

**No. 12–BG–506.**

District of Columbia Court of Appeals.

Argued Jan. 29, 2013.

Decided July 11, 2013.

---

Johnny M. Howard, Washington, DC, for respondent.

Julia L. Porter, Senior Assistant Bar Counsel, with whom Elizabeth Herman, Deputy Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before FISHER, BLACKBURNE–RIGSBY, and THOMPSON, Associate Judges.

BLACKBURNE–RIGSBY, Associate Judge:

In its order dated March 14, 2012, the Board on Professional Responsibility (the "Board") unanimously agreed with the Ad Hoc Hearing Committee that respondent, Claudette M. Winstead, II, violated Rule 7.1(a) (false or misleading communication about lawyer's services) and Rule 7.5(a) (using firm name, letterhead, or other professional designation that violates Rule 7.1) of the District of Columbia Rules of Professional Conduct ("Rules"). The Board disagreed, however, with the Hearing Committee's recommended sanction of a public censure and instead directed Bar Counsel to issue an informal admonition to respondent. This case is now before us on exception by respondent to the Board's findings of fact and ordered sanction. Respondent challenges our authority to discipline her, raises due process claims, contests the finding of misconduct, and argues that no sanction should be imposed. Bar Counsel supports the Board's order.[1] We conclude that an informal admonition is warranted and sustain the Board's direction to Bar Counsel.

## I. Factual and Procedural Background

Respondent is a member of the District of Columbia Bar, having been admitted on July 7, 1995. Although respondent previously had a license to practice law in Illinois, respondent is not currently licensed to practice in any jurisdiction besides the District of Columbia. Prior to the present matter, respondent had never been the subject of any disciplinary action.

On December 17, 2010, Bar Counsel filed a Petition Instituting Formal Disciplinary Proceedings and a Specification of Charges. The charges related to respondent's representation of Ellen and David Crowell and Beatrice Chukwumezie. Respondent entered into one retainer agree-

---

1. Bar Counsel did not note an exception to the Board's sanction, explaining that an informal admonition is not inconsistent with the sanctions for similar misconduct. However, based on respondent's "repetition of numerous unsupported and factually baseless claims" to the court, which in Bar Counsel's view constitute "further evidence that she has no remorse and does not acknowledge any problem with her misleading letterhead and retainer agreements," Bar Counsel urges us to impose a sanction of "at least" an informal admonition.

ment with the Crowells, relating to a matter in Maryland, and she entered into two retainer agreements with Beatrice Chukwumezie, one relating to a matter in Pennsylvania and the other relating to a matter in Virginia. Respondent's services, as described in the retainer agreements, involved the investigation and resolution of allegedly predatory loans relating to properties in Maryland, Pennsylvania, and Virginia, respectively. During the course of the representations, respondent and her nonlawyer assistant used letterhead and other business communications with the clients and with third parties.

Bar Counsel alleged that, in connection with respondent's representation of Chukwumezie and the Crowells, respondent violated Rules 7.1(a) and 7.5(a) by using a legal letterhead and other business communications reflecting that she was an attorney with a law office in Maryland without indicating that she was not licensed to practice law in Maryland. Bar Counsel charged respondent with further violations of Rule 7.1(a) based on statements in her retainer agreements with the clients. First, Bar Counsel alleged that respondent violated Rule 7.1(a) by asserting in her two retainer agreements with Chukwumezie that she was an attorney with a law office in Maryland without indicating that she was not licensed to practice law in Maryland. Second, Bar Counsel alleged that respondent violated Rule 7.1(a) by asserting in her respective retainer agreements with Chukwumezie and the Crowells that she was permitted to provide "Counsel" for "transactional matters" when she was

not licensed to practice law in any of the relevant jurisdictions.

Respondent denied the allegations, and an evidentiary hearing was held before an Ad Hoc Hearing Committee on April 26, 2011. At the hearing, Bar Counsel relied primarily on documentary evidence, calling respondent as its only witness. Although respondent did not present any evidence, she defended her actions, arguing that she made full disclosure in the respective retainer agreements that she was not licensed to practice law in the relevant jurisdiction. On October 6, 2011, the Hearing Committee issued a comprehensive Report and Recommendation in which it found that respondent had violated Rules 7.1(a) and 7.5(a) because the letterhead and other correspondence would have caused a reasonable recipient of the communications to be misled about respondent's authorization to provide legal services.[2] For the same reason, it found that the retainer agreements violated Rule 7.1(a). The Hearing Committee recommended that respondent be publicly censured. Although the Committee recognized that violations of Rules 7.1(a) and 7.5(a) usually result in a sanction of an informal admonition, it found respondent's "lack of remorse" to be an aggravating factor. Bar Counsel did not note an exception. Respondent took exception to the Committee's findings and its recommended sanction.

The Board, which adopted the Committee's findings with minor additions and one exception,[3] found that Respondent violated

**2.** In support of its findings of violations of these rules, the Hearing Committee also imputed the conduct of the nonlawyer assistant to respondent because respondent "testified that she was aware that, in correspondence and emails, [her nonlawyer assistant] referred to [her] as an attorney at law with an office address in Maryland."

**3.** The one exception relates to the conduct of respondent's nonlawyer assistant. The Hearing Committee mistakenly relied upon Rule 5.1(c)(2), which governs the responsibilities of supervisory lawyers for the conduct of attorneys under their supervision, to impute the nonlawyer assistant's conduct to respondent. Although the Board agreed that it was appro-

Rule 7.1(a) and Rule 7.5(a) based on her letterhead, case-related correspondence, and retainer agreements. The Board disagreed with the Committee's proposed sanction of a public censure reasoning that respondent did not display a lack of remorse but "simply mounted a good faith defense on the merits." The Board issued its order thereafter, directing Bar Counsel to informally admonish respondent for her violation of Rules 7.1(a) and 7.5(a). This case is now before us on exception by respondent to the Board's findings of fact and ordered sanction.

## II. Analysis

 Respondent takes exception to the Board's order directing an informal admonition, seeking dismissal of the charges and contending that the District of Columbia disciplinary system does not have jurisdiction over her conduct, that the District of Columbia Rules of Professional Conduct do not apply, and that the record does not support the Board's findings or recommended sanction.[4] In addition, respondent now raises a number of due process arguments, which Bar Counsel argues respondent waived by not presenting them to the Board.

 We "accept the findings of fact made by the Board unless they are unsup- ported by substantial evidence of record." D.C. Bar R. XI, § 9(h)(1). We review the Board's legal determinations, including its determination of whether an attorney's actions constitute an ethical violation, *de novo*. *In re Harkins*, 899 A.2d 755, 758 (D.C.2006). With respect to discipline, we defer to the Board's recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). "We review a Board's exercise of its broad discretion in handing out discipline for abuse." *Harkins, supra,* 899 A.2d at 760 (citation omitted). "Generally speaking, if the Board's recommended sanction falls within a wide range of acceptable outcomes, it will be adopted and imposed." *In re Hallmark*, 831 A.2d 366, 371 (D.C. 2003) (citation and internal quotation marks omitted) (also stating that "[t]he Board's recommended sanction comes to the court with a strong presumption in favor of its imposition" (citation omitted)).

### A. Disciplinary Authority and Choice of Law

 Respondent advances several arguments regarding choice of law and our authority to discipline her,[5] none of which

---

priate to impute the nonlawyer assistant's conduct to respondent, it did so pursuant to Rule 5.3(c), which governs the responsibilities of supervisory lawyers for the conduct of a nonlawyer assistant.

4. Respondent also claims that she is being treated unfairly. She contends that the treatment of solo practitioners, like herself, differs from that of practitioners from large firms. In particular, she claims that members of large law firms who engage in similar conduct are referred to the District of Columbia Court of Appeals Committee on Unauthorized Practice of Law. A claim of disparate treatment is a serious allegation—one which this court carefully reviews—because it calls into question the integrity of the disciplinary sys- tem. Respondent, however, offers no support for her claim. Moreover, respondent is not eligible for referral to the Committee on Unauthorized Practice of Law. The Committee on Unauthorized Practice of Law handles matters concerning individuals who are not members of the District of Columbia Bar. The Office of Bar Counsel, in contrast, handles matters concerning individuals who are members of the District of Columbia Bar, like respondent.

5. Respondent argues that, because her conduct occurred outside of the District of Columbia, the District of Columbia disciplinary system does not have jurisdiction over her conduct and the District of Columbia Rules of Professional Conduct do not apply.

we find persuasive. Respondent is licensed to practice in the District of Columbia and therefore "is subject to the disciplinary authority of this jurisdiction, regardless of where [her] conduct occurs." D.C. RULE OF PROF'L CONDUCT R. 8.5(a); *see also* D.C. Bar R. XI, § 1(a) ("All members of the District of Columbia Bar ... are subject to the disciplinary jurisdiction of this Court and its Board on Professional Responsibility."). Furthermore, because the relevant conduct arose in matters that were not pending before a tribunal, such that Rule 8.5(b)(1) is inapplicable,[6] and because respondent is licensed to practice only in this jurisdiction, the District of Columbia Rules of Professional Conduct apply.[7] D.C. RULE OF PROF'L CONDUCT R. 8.5(b)(2)(i) ("If the lawyer is licensed to practice only in this jurisdiction, the rules to be applied shall be the rules of this jurisdiction....").

### B. Due Process

Respondent argues that her Fifth Amendment due process rights were violated when Bar Counsel, without notice, issued an informal admonition letter before giving her an opportunity to respond. She claims that, as a result of this informal admonishment, a prospective employer rescinded an offer of employment and she became unemployable. Respondent makes an additional due process argument, contending that the Specification of Charges did not give her fair notice of the charges against her to allow her to adequately prepare her defense.

■■■ We agree with Bar Counsel that respondent has waived these arguments by failing to raise them below, and that in any event, they are without merit. *See In re Abrams,* 689 A.2d 6, 9 (D.C.1997) (en banc) ("We have consistently held that an attorney who fails to present a point to the Board waives that point and cannot be heard to raise it for the first time here." (citation and internal quotation marks omitted)). First, we are not persuaded that Bar Counsel's authority to issue an informal admonition letter without notice, pursuant to D.C. Bar R. XI, § 8(b), violates due process.[8] D.C. Bar R. XI, § 8(b) makes clear that "[a]n attorney who receives an informal admonition may request a formal hearing before a Hearing Committee, in which event the admonition shall be vacated and Bar Counsel shall institute formal charges." In light of this procedur-

---

**6.** D.C. RULE OF PROF'L CONDUCT R. 8.5(b)(1) provides: "For conduct in connection with a matter pending before a tribunal, the rules to be applied shall be the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise...."

**7.** Although respondent was licensed to practice in Illinois, her license became inactive sometime in 2008 while the client matters involved in this case remained active. In any event, respondent does not argue that the Illinois Rules of Professional Conduct should apply to the conduct at issue. Rather, she argues that the Maryland Rules of Professional Conduct should apply because the conduct took place in Maryland. This cannot be the case, however, as respondent has never been authorized to practice law in Maryland. *See* D.C. RULE OF PROF'L CONDUCT R. 8.5(b).

**8.** Informal admonition letters may come about in three ways:

> (1) after an investigation, Bar Counsel may issue an informal admonition letter of its own accord, (2) after a formal hearing, the Board may direct Bar Counsel to issue an informal admonition, or (3) if exceptions are taken to the Board's recommended sanction, or if this court chooses to review the Board's actions, this court may direct Bar Counsel to issue an informal admonition.

*In re Schlemmer,* 840 A.2d 657, 662 (D.C. 2004) (citations omitted). These letters are matters of public record, D.C. Bar R. XI, § 17(a), and are available on the District of Columbia Bar website.

al safeguard, one which we conclude is sufficient to protect against the risk of an attorney being arbitrarily admonished, we reject respondent's due process challenge. *See Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government." (citation omitted)); *see also District of Columbia v. Jones*, 442 A.2d 512, 517 (D.C.1982) ("Due process is flexible and calls for such procedural protections as the particular situation demands." (citations, internal quotation marks, and brackets omitted)).

■■■■ We are also not persuaded by respondent's argument that she did not have fair notice of the charges against her. "An attorney is entitled to procedural due process in a disciplinary hearing, which includes fair notice of the charges against him [or her]." *In re Bielec*, 755 A.2d 1018, 1024 (D.C.2000) (citation omitted). As summarized *supra* in Section I, the Specification of Charges gave respondent notice of the specific rules she allegedly violated, as well as notice of the conduct underlying the alleged violations. Accordingly, we reject respondent's challenge.

## C. Rule Violations

■■■■ The Hearing Committee and the Board found that respondent violated Rules 7.1(a) and 7.5(a) based on her letterhead and case-related correspondence. The Hearing Committee and the Board also found that respondent violated Rule 7.1(a) by including misleading and false information in her retainer agreements. Respondent argues that the violations cannot stand because they are not supported by the record.[9] We do not agree. The evidence fully supports the findings that respondent violated Rule 7.1(a) and Rule 7.5(a).[10]

■■■ Rule 7.1(a) provides that it is professional misconduct for a lawyer to make a false or misleading communication about the lawyer or the lawyer's services.[11] Relatedly, Rule 7.5(a) provides in

9. In so doing, respondent advances several arguments, which we find unavailing. First, respondent is incorrect that Rules 7.1(a) and 7.5(a) require proof of intent to mislead on the part of the attorney and proof that the recipient was actually misled. Neither rule requires proof of an intent to mislead or proof of reliance as a necessary element. As the Hearing Committee correctly explained, these rules are designed to place the burden upon the attorney to ensure that the attorney's representations concerning his or her services are not objectively misleading. *See* D.C. Rule of Prof'l Conduct R. 7.1 cmt. 1 ("It is especially important that statements about a lawyer or the lawyer's services be accurate, since many members of the public lack detailed knowledge of legal matters."). Second, respondent's argument that Bar Counsel was required to call an expert witness is unpersuasive because the issue of whether respondent's communications were false or misleading is not one that requires technical or specialized knowledge. *See Dyas v. United States*, 376 A.2d 827, 832 (D.C.1977).

10. Respondent strenuously maintains that she did not engage in the unauthorized practice of law. This contention, however, lends no support to respondent's overall challenge. Bar Counsel did not charge respondent with unauthorized practice of law. Moreover, regardless of whether respondent actually engaged in the practice of law, respondent violated Rules 7.1(a) and 7.5(a) by holding herself out as authorized to do so.

11. Specifically, D.C. Rule of Prof'l Conduct R. 7.1(a) provides:

A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:
(1) Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading; or
(2) Contains an assertion about the lawyer or the lawyer's services that cannot be substantiated.

pertinent part that "[a] lawyer shall not use a firm name, letterhead, or other professional designation that violates Rule 7.1." Here, it is undisputed that respondent, on numerous occasions in connection with her representation of Chukwumezie and the Crowells, identified herself as an attorney in her letterhead and case-related correspondence and identified her office as being in Maryland. It is also undisputed that respondent did so without explaining that she was not licensed to practice law in Maryland. For example, in a letter to one of the companies with which she communicated on behalf of the Crowells, respondent stated: "Please be advised that we are legal counsel for the referenced borrowers." In addition, respondent employed a nonlawyer assistant who, on numerous occasions, sent facsimile transmissions and other documents on respondent's behalf which indicated that respondent was an attorney and identified respondent's office as being in Maryland. The assistant did so without explaining that respondent was not licensed to practice law in Maryland. Respondent received copies of her assistant's correspondence and testified that she was aware her assistant used such terminology.[12]

Thus, substantial evidence supports the Board's findings that respondent used the letterhead and facsimile coversheets in a manner that misleadingly communicated that she was authorized to practice law in Maryland. Moreover, this misrepresentation was material because it was significant whether respondent was authorized to practice law in Maryland and whether respondent was representing her clients as an attorney or in some other capacity. Respondent's repeated use of the term "attorney at law" or the title "Esq." in her letterhead, emails, and facsimile coversheets, combined with her Maryland office address, and her omission of any disclaimer concerning her inability to practice law in Maryland would cause a reasonable recipient of the communications to be misled into believing that respondent was authorized to provide legal services in Maryland. Accordingly, we conclude that respondent violated Rule 7.1(a) and Rule 7.5(a).

■ Substantial evidence also supports the Board's findings that respondent violated Rule 7.1(a) in additional ways by including misleading and false information in her retainer agreements. Respondent provided Chukwumezie with two retainer agreements, both of which listed respondent's address in Maryland, referred to respondent as counsel, and failed to disclose that she was not licensed to practice law in Maryland.[13] Thus, like respondent's letterhead and other case-related correspondence, these retainer agreements contained misleading communications which violated Rule 7.1(a). Further, respondent asserted in her respective retainer agreements with Chukwumezie and the Crowells that she was permitted to provide "counsel" for "transactional matters" even though she was not licensed to practice law in any of the relevant jurisdictions. While we recognize that certain transactional matters do not require a license to practice law, the language in the retainer agreements demonstrates that respondent was holding herself out as authorized to provide *legal* counsel. Respondent repeatedly

12. As the Board correctly noted, pursuant to Rule 5.3(c), the conduct of a nonlawyer assistant may be imputed to an attorney when the attorney "requests or, with knowledge of the specific conduct, ratifies the conduct" or has "direct supervisory authority ... and knows of the conduct at a time when its conse-

quences can be avoided or mitigated but fails to take remedial action."

13. The two retainer agreements disclosed only that respondent was not barred in Pennsylvania and Virginia, respectively.

used the title "Esquire" after her name, called herself "Counsel" throughout the retainer agreements, indicated that she could associate with other firms and seek attorney's fees, stated that she did not specialize in certain areas of law, and noted that she could provide litigation services for an additional fee. In context, respondent's statement that she could provide counsel for transactional matters would cause a reasonable recipient of the communications to be misled into believing that respondent was authorized to provide legal services. Accordingly, we conclude that the retainer agreements contained misleading communications that violated Rule 7.1(a).

### D. Sanction

■ Having concluded that substantial evidence supports the Board's findings of professional misconduct, we turn to consider the appropriate discipline. We have referred to an informal admonition, the sanction ordered by the Board in this case, as the "least severe of the available sanctions." *In re Nwadike*, 905 A.2d 221, 229 (D.C.2006) (citations and internal quotation marks omitted). Respondent, however, argues that no sanction should be imposed because "[t]here is no precedent in the District of Columbia where the penalty for violation of the Rules of Professional Conduct for non-practice related conduct requires the imposition of an informal admonition." We do not agree.

■ Sanctions for violations of Rules 7.1(a) and 7.5(a) usually result in a sanction of informal admonition. *See In re McRae*, Bar Docket No. 323–06 (Jan. 2, 2008) (informal admonition for violations of Rules 5.5(a), 7.1(a), and 7.5(a)); *In re Page*, Bar Docket Nos. 224–04 and 060–06 (Jan. 11, 2008) (informal admonition where respondent violated Rules 7.1(a) and 7.5(a) by utilizing letterhead identifying himself as being licensed to practice law in the District of Columbia at a time when he was administratively suspended for non-payment of dues); *see also Schlemmer, supra* note 8, 840 A.2d at 662 (stating that the Board and this court may rely on informal admonition letters issued by Bar Counsel in determining the range of sanctions appropriate in similar circumstances).

■ In reaching its decision, the Board considered the sanctions for comparable misconduct, respondent's lack of prior discipline, the modest nature of the misconduct, the absence of dishonesty, and the absence of prejudice to any client. These are all appropriate considerations, *see, e.g., In re Austin*, 858 A.2d 969, 975 (D.C.2004) (citations omitted), and the Board's analysis is based firmly on the record. Because the sanction of an informal admonition recommended by the Board would neither foster a tendency toward inconsistent disposition nor be unwarranted, we defer to it. Indeed, to impose a lesser or more serious sanction would be inconsistent with cases involving comparable conduct.

### III. Conclusion

For the foregoing reasons, we affirm the Board's conclusion that respondent violated Rule 7.1(a) and Rule 7.5(a) and we affirm the Board's order to Bar Counsel, in accordance with D.C. Bar R. XI, § 9(c), to issue an informal admonition to respondent.

*So ordered.*